STUART H. SANDHAUS, APC
Stuart H. Sandhaus, Esq.
St. Bar No. 146525
Los Rios Historic District
31901 Los Rios Street
San Juan Capistrano, CA 92675
Tel. (949) 481-0236; Fax. (949) 481-0238
e-mail: lawsandhaus1@cox.net

Attorney for Plaintiff JANICE I. LAASKO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SACV08-00489 AG (MLGx)

| | |
|---|---|
| JANICE I. LAASKO,<br><br>        Plaintiff,<br><br>    vs.<br><br>XEROX CORPORATION, a New York Corporation; XEROX CORPORATION LONG-TERM DISABILITY INCOME PLAN; LAWRENCE M. BECKER, Plan Administrator for XEROX Corporation Long-Term Disability Income Plan; SHPS, a Florida Corporation; SHPS HMS, a Delaware Corporation, and DOES 1 through 10, Inclusive,<br><br>        Defendants. | CASE NO.<br><br>COMPLAINT FOR BREACH OF INSURANCE CONTRACT, BENEFITS UNDER EMPLOYEE BENEFIT WELFARE PLAN (ERISA), DECLARATORY RELIEF, and FOR PENALTIES FOR FAILURE TO PROVIDE DOCUMENTS (ERISA) |

### I. JURISDICTION

1.    This case involves a self-insured Long Term Disability (hereafter "LTD") benefit plan which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et. seq.* Jurisdiction is based on 29 U.S.C. §1132(e) in that this is an action by a benefit plan participant to obtain benefits, statutory damages, attorney's fees, interest, and costs under the plan.

///

## II. VENUE

2. Venue is proper under 29 U.S.C. §1132(e) and 28 U.S.C. §1391(b)(2) because the claims alleged herein arose in the County of Orange, California within the jurisdiction of the United States District Court for the Central District of California.

## III. INTRODUCTION

3. This is a complaint for damages based upon a claim under ERISA for long term disability income benefits (hereafter "benefits") which PLAINTIFF asserts against DEFENDANTS. PLAINTIFF became disabled on or about August 12, 1992 within the meaning of the LTD plan, and duly applied for benefits. DEFENDANTS paid her benefits until on or about March 31, 2006, at which time Defendants terminated benefits in violation of the insurance contract and welfare benefit plan which covered PLAINTIFF. DEFENDANTS upheld their decision to terminate benefits on or about April 16, 2007. PLAINTIFF timely pursued her right to appeal for reconsideration of her claim pursuant to this adverse determination. Defendants never notified PLAINTIFF of a decision. Therefore, the decision on PLAINTIFF'S appeal for reconsideration of her claim is deemed denied. During the course of the claim handling, PLAINTIFF requested a number of documents to which she was entitled under ERISA and DEFENDANTS have refused to provide such documents, thus triggering penalties as provided in ERISA. Plaintiff now sues for all benefits accrued to the date of judgment together with statutory damages, interest, costs, and attorney's fees.

## IV. PARTIES

4. Plaintiff JANICE I. LAASKO (hereafter "PLAINTIFF") at all times relevant was a resident of Orange County, California.

5. Defendant XEROX CORPORATION (hereafter "XEROX") is a corporation incorporated in the State of New York and doing business in the State of California.

6. Defendant XEROX CORPORATION LONG -TERM DISABILITY

INCOME PLAN (hereafter "PLAN") is a self-funded employee welfare benefit program governed by ERISA.

7. Defendant LAWRENCE M. BECKER (hereafter "BECKER") Plan Administrator of the XEROX CORPORATION LONG -TERM DISABILITY INCOME PLAN.

8. Defendant SHPS (hereafter "SHPS") is a corporation incorporated in the State of Florida and doing business in the State of California.

9. Defendant SHPS HMS (hereafter "SHPS HMS") is a corporation incorporated in the State of Delaware and doing business in the State of California

10. XEROX CORPORATION, XEROX CORPORATION LONG-TERM DISABILITY INCOME PLAN, LAWRENCE M. BECKER, SHPS, AND SHPS HMS are hereafter collectively referred to as "DEFENDANTS".

11. PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-**10** inclusive, and therefore, sues these DEFENDANTS by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named DEFENDANTS are responsible in some manner for the occurrences herein alleged and that PLAINTIFF's damages are herein alleged were proximately caused by such DEFENDANTS.

## V. AGENCY

12. PLAINTIFF is informed and believes, there thereupon alleges, that at all times mentioned herein, unless otherwise alleged, DEFENDANTS, and each of them, including DOES 1-**10**, inclusive, and each of them, were the agents, servants, and employees, of their co-defendants, and were, as such, acting within the course, scope and authority of said employment and/or agency, and with the knowledge, consent, permission and/or ratification of each other.

13. PLAINTIFF is informed and believes, and thereon alleges, that at all

1 times mentioned herein, each of the XEROX DEFENDANTS is a Corporation which
2 is a parent, subsidiary, successor or predecessor entity to each of the other
3 defendants, and that all such defendants share such an identity of interest and
4 ownership as to be directly and vicariously responsible for all damages and claims
5 alleged by PLAINTIFF herein.

## VI.  FACTS AND CLAIMS FOR RELIEF

14. On or about August 8, 1978 PLAINTIFF became an employee of XEROX.

15. On or about March 12, 1992 PLAINTIFF became totally disabled and unable to perform the duties of her position at XEROX. She has remained totally disabled ever since.

16. PLAINTIFF was determined to be totally disabled and exhausted her Short Term Disability benefits on or about August 10, 1992.

17. At the time PLAINTIFF became totally disabled, XEROX had in place the "PLAN",[1] an employee welfare benefit plan within the meaning of ERISA, which provided benefits for employees who became disabled. XEROX implemented the provisions of the PLAN by establishing a trust fund to which XEROX makes payments from time to time as may be deemed advisable to fund the benefits under the PLAN. Pursuant to XEROX, PLAINTIFF was covered by the aforementioned PLAN and was a beneficiary of the PLAN.

18. On or about August 11, 1992 PLAINTIFF was determined to be totally disabled within the meaning of the PLAN and became entitled to receive the benefits provided for therein. PLAINTIFF has remained continuously disabled ever since, within the meaning of the PLAN, and has been and is now entitled to receive benefits pursuant to said PLAN.

19. PLAINTIFF furnished DEFENDANTS with written notice of her claim

---

[1] "The 1991 Restatement of the Xerox Medical Care and Long Term Disability Income Plan" and "1990 Summary Plan Description" entitled "You and Xerox."

and proof of loss under the PLAN and has otherwise performed all the terms and conditions of the PLAN on her part to be performed.

20. On or about March 23, 2006 DEFENDANTS orally notified PLAINTIFF that her benefits would be terminated effective March 31, 2006. Ever since that date DEFENDANTS have refused to pay any benefits to PLAINTIFF. Such refusal to pay benefits is in breach of the provisions of the PLAN and ERISA.

21. After receiving notification that her claim for benefits was being terminated PLAINTIFF timely appealed that decision.

22. On or about April 16, 2007, DEFENDANTS notified PLAINTIFF that it reaffirmed its termination of PLAINTIFF's benefits, and that she had the right to submit an appeal for reconsideration of her claim.

23. PLAINTIFF timely appealed the adverse determination.

24. DEFENDANTS did not notify PLAINTIFF of a decision on PLAINTIFF'S appeal for reconsideration of her claim. Therefore, PLAINTIFF is entitled to deem this appeal denied.

25. PLAINTIFF has exhausted all review procedures available to her prior to filing suit.

26. As a proximate result of DEFENDANTS refusal to pay PLAINTIFF the benefits to which she is entitled under said PLAN, PLAINTIFF has been damaged in an amount equal to all unpaid benefits to the date of judgment herein.

27. PLAINTIFF has further been damaged in an amount equal to interest provided by law on all unpaid sums to the date of judgment herein.

28. PLAINTIFF has been required to employ counsel to enforce her rights in this matter and is therefore entitled to an award of attorney's fees as provided by ERISA and prevailing law.

29. PLAINTIFF, through her attorney, requested DEFENDANTS provide copies of all documents in their possession relevant to her claim and the determination thereof. DEFENDANTS failed and refused to provide any documents

in a timely fashion as required by ERISA and regulations adopted pursuant thereto. DEFENDANTS did eventually provide some documents, but they failed to provide or make available to PLAINTIFF or her attorney a great many of the documents to which PLAINTIFF was entitled. As a result of said failure and refusal to repeatedly fail to produce specified documents relevant to PLAINTIFF'S rights under the PLAN in violation of 29 C.F.R. §2560.503-1 et seq, PLAINTIFF is entitled to statutory damages, in an amount to be proven at trial, of $110.00 (one-hundred & ten dollars) per day for each document sought pursuant to 29 U.S.C. §1132 ( c)(1).

30. DEFENDANTS were obligated to produce said documents. The fact that the Plan Administrator/Fiduciary engaged in actively concealing material information from its beneficiary, inter alia, constitutes an actionable claim for breach of fiduciary duty.

31. Declaratory Relief Requested and Recovery of Benefits Sought by PLAINTIFF.

    31.1 On the basis of the forgoing, an actual controversy has arisen and now exists between PLAINTIFF and DEFENDANTS in that PLAINTIFF contends and DEFENDANTS deny the following;

    A. That PLAINTIFF is disabled, as defined by the PLAN and is entitled to receive benefits, as provided by the provisions of PLAN;

    B. That DEFENDANTS are obligated, under the terms, conditions, and provisions of the PLAN to pay PLAINTIFF benefits accruing to PLAINTIFF under the terms and provisions of the PLAN and DEFENDANTS have failed to do so;

    C. That DEFENDANTS are obligated to immediately pay PLAINTIFF all accrued past benefits (including interest) that are due under the PLAN in amount to be proven at trial;

      D. That DEFENDANTS are obligated to commence immediate payment of monthly benefits, in an amount to be proven at trial, for every month of PLAINTIFF'S continued disability under the PLAN;

      E. That DEFENDANTS have acted in an arbitrary and capricious manner and have abused their discretion.

32. PLAINTIFF desires a judicial determination of the respective rights and duties of PLAINTIFF and DEFENDANTS, with respect to the above-referenced claims and the amounts thereof.

33. Such a declaration is necessary and appropriate at this time and 29 U.S.C.§1132(a)(1)(B) specifically authorizes such a declaration.

34. The actions and conduct of DEFENDANTS have and will directly and proximately cause a loss of income to PLAINTIFF and have and will deprive PLAINTIFF of the protections of ERISA.

35. PLAINTIFF's injuries are irreparable in that PLAINTIFF presently has no income and no medical insurance (which is contingent on PLAINTIFF'S disabled status).

36. PLAINTIFF has no adequate remedy, other that herein prayed for, to redress the present violations of the PLAN provisions and of the law; nor does any other adequate remedy exist, by which the court may determine the rights of the parties hereto.

37. PLAINTIFF has been required to employ counsel to enforce her rights in this matter and is therefore entitled to an award of attorney's fees as provided by ERISA and prevailing law.

**WHEREFORE, PLAINTIFF prays judgment as follows:**

1. For damages under the PLAN according to proof for all unpaid benefits to the date of judgment herein;

2. For interest on all such unpaid benefits according to law;

1  3. For a declaration of the respective rights and duties of PLAINTIFF and
2     DEFENDANTS with respect to the subject claim and the amount thereof;
3  4. For statutory damages as provided under ERISA;
4  5. For failure to produce documents and information, statutory penalties
5     assessed in the amount of $110.00 per day for each document sought.
6  6. For an award of reasonable attorney's fees;
7  7. For costs of suit herein incurred; and
8  8. For such other and further relief as the court may deem proper.
9  DATED: May 2, 2008

By: _____
Stuart H. Sandhaus, Esq.
Counsel for Plaintiff Janice I. Laasko