## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

JANICE LAAKSO,

                                        Plaintiff,

            -vs-

XEROX CORPORATION, XEROX CORPORATION          08-CV-6376-CJS
LONG-TERM DISABILITY INCOME PLAN,
LAWRENCE M. BECKER, SHPS, and SHPS HEALTH
MANAGEMENT SOLUTIONS, INC.,                    DECISION and
                                        Defendants.      ORDER

### INTRODUCTION

**Siragusa, J.**   Plaintiff commenced this action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* ("ERISA"), claiming that Defendants wrongfully denied her long-term disability benefits under the Xerox's Long Term Disability Plan ("the Plan"). (Complaint at 6.)   Now before the Court are Plaintiff's Objections (Docket No. [#75]) to an Order [#74] of the Honorable Jonathan W. Feldman, United States Magistrate Judge, dated February 8, 2010, which granted Defendants' request to limit discovery to the administrative record.   For the reasons stated below, Plaintiff's objections are granted and this matter is remanded for further proceedings.

### FACTUAL BACKGROUND

Plaintiff is a former Xerox executive who was a participant in the subject long-term disability ("LTD") Plan. Plaintiff claimed to be disabled due to chronic fatigue syndrome, and later from fibromyalgia.   In August 1992 Plaintiff was granted benefits under the Plan.   In early 2006, the Plan notified Plaintiff that her medical eligibility for continued

LTD benefits was being reviewed by SHPS, a third party medical disability case administrator.   In March 2006, SHPS notified Plaintiff that her disability was no longer medically supportable, and that her LTD benefits would be terminated as of March 31, 2006.   Plaintiff administratively challenged this decision, and in May 2007, the Plan denied her appeal.   On May 5, 2008, Plaintiff commenced this action, seeking to recover benefits pursuant to ERISA. 29 U.S.C. § 1132(a)(1)(b).

On September 17, 2008, the undersigned referred this matter to Judge Feldman for pretrial matters, pursuant to 28 U.S.C. § 636(b)(1)(A).   On November 9, 2009, Defendants filed a motion to limit discovery to the administrative record. (Doc. No. [#56]). In other words, Defendants argued that Plaintiff should not be permitted to conduct any discovery, and that the Court should determine the merits of the case based solely on the administrative record. Plaintiff opposed the motion, and argued that she should be permitted to conduct discovery on several different issues.[1]   On February 10, 2010, the Magistrate Judge issued an Order [#74] granting Defendants' motion, and finding that Plaintiff was not entitled to conduct discovery.   In that regard, the Magistrate Judge found that Plaintiff had not shown "good cause" to conduct discovery outside of the administrative record. *See, e.g.*, Order [#74] at 4 ("Despite the general rule that the district court is limited to reviewing the administrative record, narrowly tailored discovery has been permitted in cases where the beneficiary can demonstrate 'good cause.'").   On

---

[1] Specifically, Plaintiff argues that the following areas should be open to discovery: (1) the details of the decision to review her eligibility for benefits, which she maintains stemmed from a desire to save money for the Plan, which she further maintains constituted a breach of fiduciary duty, (Pl. Supp. Brief at 5.); (2) the handling of the medical records that Plaintiff submitted to SHPS during the appeals process (*Id.* at 6.); and (3) irregularities surrounding the independent medical examination ("IME") review, including the selection of the reviewing physician (*Id.* at 13.). *See also*, Plaintiff's Objections [#75] at 11, listing five areas in which Plaintiff seeks to conduct discovery.

this point, the Magistrate Judge's Order observed that Plaintiff could make the arguments that she wished to make based on the administrative record, without conducting additional discovery. *See, id.* at 5 ("[Plaintiffs'] arguments can be fairly presented to the district court based on the current administrative record.").

On February 24, 2010, Plaintiff filed the subject Objections [#75] to that Order. In that filing, Plaintiff maintains as follows: 1) the Order incorrectly states that Xerox funded the Plan, since the Plan was apparently funded through a policy with Prudential Insurance;[2] 2) the Order incorrectly states that SHPS made all benefit determinations after the fall of 1997, since the date that SHPS became involved is unclear, and since it appears that Xerox was actually controlling SHPS's decisions;[3] 3) the Order incorrectly finds that Plaintiff was not targeted for termination of her benefits based on the fact that hers was a particularly expensive claim;[4] 4) the Order incorrectly lists the documents which comprise the Plan and incorrectly states the standard of review that applies; 5) the Order incorrectly finds that there was no structural conflict;[5] 6) the Order incorrectly finds

---

[2] The Order indicated that Xerox funded the plan, though it does not appear that the Order was indicating that Prudential had no role. Rather, the Order was making the point that Xerox purportedly did not both pay for the fund and make decisions about make benefit determinations.

[3] SHPS purportedly made the decisions, though Plaintiff disputes the extent to which Xerox directed or influenced those decisions.

[4] The Order actually does not purport to determine this issue, but merely indicates that Plaintiff's contentions on this point were conclusory, while Defendants' opposing contentions were supported by sworn affidavits.

[5] A structural conflict of interest may exist where the "same entity both evaluates and pays benefits claims." *Fairbaugh v. Life Ins. Co. of North America,* 737 F.Supp.2d 68, 80 (D.Conn. 2010). The Order indicates that no structural conflict is evident in this case, since plan documents indicate that benefits determinations were made by a third party, SHPS. Order [#74] at 5-6. However, "[t]he delegation of claims administration to a third-party does not ensure against a structural conflict of interest because some employers may nevertheless influence the third-party administrator's decision making." *Leu v. Cox Long-Term Disability Plan,* No. 2:08-CV-00889-PHX-JAT, 2009 WL 2219288 at *2 (D.Ariz. Jul. 24, 2009) (citations omitted). That is what Plaintiff maintains happened here, and she has cited to portion of the administrative record to support this contention, Pl. Objections [#75] at 7-9, though Defendants maintain that Plaintiff took such entries out of context. Def. Resp. to Objections [#81] at 8-16. A structural conflict may also exist where the entity which funds the plan has some control over the claims administration process and where, as here, the

that discovery is not warranted; and 7) the Order incorrectly states that extrinsic evidence should not be admitted at trial.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), this Court may set aside or modify a portion of a magistrate judge's non-dispositive pretrial order[6] when it has been "shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "An order is deemed contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Mitchell v. Goord*, No. Civ.9:03CV00019(GLS), 2005 WL 701096 at *2 (N.D.N.Y. Mar. 21, 2005) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

## DISCUSSION

### I.    *Standard for Obtaining Discovery*

Plaintiff brings this action to recover benefits pursuant to ERISA, 29 U.S.C. § 1132. With respect to this statute, it is well settled that:

> "[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed [by a district court] under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Where the plan does grant discretion to the administrator, a court "will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995).

---

Plaintiff's receipt of LTD benefits is "tied to [her] continued eligibility for other employee benefits, such as life insurance." *Burgio v. Prudential Life Ins. Co. of America*, 253 F.R.D. at 231.
[6] The Second Circuit has determined that discovery orders are ordinarily non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), cert. denied, 484 U.S. 846 (1990).

*Tocker v. Philip Morris Companies, Inc.*, 470 F.3d 481, 487 (2d Cir. 2006).   Under the arbitrary and capricious standard, the court must uphold the administrator's decision unless it is "without reason or erroneous as a matter of law," and "[w]here the plan participant and the plan administrator offer "two competing yet reasonable interpretations of [the plan]," [the court] must accept that offered by the administrators." *Id.* at 489 (citations omitted).

    In conducting such a review using the arbitrary and capricious standard, the Court is generally limited to the record that was before the plan administrator. *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) ("We follow the majority of our sister circuits in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record."). A district court, though, has discretion to admit evidence outside of the administrative record for good cause. *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008) ("We have repeatedly said that a district court's decision to admit evidence outside the administrative record is discretionary, but which discretion ought not to be exercised in the absence of good cause.") (citation and internal quotation marks omitted).

    However, the standard for obtaining discovery of matters beyond the administrative record is not the same as the standard for admissibility. The threshold requirement of discoverability is whether the information sought is "relevant to any party's claim or defense," and need not be admissible at trial, so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d

5

253 (1978) (citation omitted) (relevance standard is necessarily broad in order "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."); *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence.").

Accordingly, in an ERISA action, the standard for obtaining discovery of matters beyond the administrative record is less stringent than the standard for admissibility. *Trussel v. Cigna Life Ins. Co.*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008)); *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 230-31 (E.D.N.Y. 2008) (collecting cases); *see also*, *Anderson v. Sotheby's Inc.*, No. 04 Civ 8180(SAS)(DFE), 2005 WL 6567123 at *6 (S.D.N.Y. May 13, 2005) ("If a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery."). Specifically, an ERISA claimant is not required to show good cause to obtain discovery of matters beyond the administrative record, but instead, need only show that there is a reasonable chance that the evidence sought through discovery will satisfy the good cause standard for admissibility:

> A party need not establish good cause, however, to obtain discovery beyond the administrative record. Rather, the plaintiff must show a reasonable chance that the requested discovery will satisfy the good cause requirement.
>
> ***
>
> To justify discovery beyond the administrative record, a plaintiff must demonstrate that the requested discovery would assist in establishing the good cause necessary to expand the record on review, such as to explore

6

whether the administrator was conflicted. Expanded discovery may also
be permitted to test the adequacy of the administrative record.

*Gill v. Bausch & Lomb Supplemental Retirement Income Plan*, No. 09–CV–6043CJS,
2011 WL 2413411 at \*4 -5 (W.D.N.Y. Jun. 10, 2011) (citations and internal quotation
marks omitted).

However, where a plaintiff contends that the claims administrator had a conflict of
interest, he cannot obtain discovery outside of the administrative record based merely by
making conclusory allegations. *Baird v. Prudential Insur. Co. of America*, No. 09 Civ. 7898
(PGG), 2010 WL 3743839 at \*9 (S.D.N.Y. Sep. 24, 2010) ("[A] party seeking to conduct
discovery outside the administrative record must allege more than a mere conflict of
interest.") (citation omitted). Instead, the plaintiff must make "specific factual allegations"
to support the discovery request. *Quinones v. First Unum Life Insur. Co.*, No. 10 Civ. 8444
(SAS), 2011 WL 797456 at \*2 (S.D.N.Y. Mar. 4, 2011) (*citing Shalit v. CIGNA Life Ins. Co.
of New York*, No. 07 Civ. 0476, 2007 WL 2040587 at \*2 (S.D.N.Y. Jul. 12, 2007)); *see
also, id.* at \*3 ("It is well-established that the mere appearance of a conflict alone is
insufficient to meet the reasonable chance standard."). For example, in one recent case
the plaintiff made the necessary showing to obtain discovery outside of the administrative
record by providing detailed factual allegations that the company's claims adjustors
received favorable performance evaluations for denying claims. *See Puri v. Hartford Life
Ins. Co.*, — F.Supp.2d —, 2011 WL 1835852 at \*2 (D.Conn. May 12, 2011).

## II.    *The Standard Applied in the February 8, 2010 Order [#74]*

The issue presented by Defendants' Application to Limit Discovery [#56] was
whether Plaintiff should be permitted to conduct discovery, not whether certain evidence

should be admitted at trial.   Nor are the merits of Plaintiff's claim presently before the

Court.   As mentioned above, the Magistrate Judge's Order found that Plaintiff was not

entitled to conduct discovery, because she had not demonstrated "good cause." *See*,

Order [#74] at 4; *see also, id.* at 5 ("[P]laintiff's demand for discovery as to an alleged

conflict of interest is also not justified by good cause.").[7]   Consequently, it appears that

the Magistrate Judge's Order applied the more-stringent standard for admissibility of

evidence outside of the administrative record, rather than the less-stringent standard for

discovery of such evidence.   Therefore, it seems appropriate to remand this matter for

consideration of whether Plaintiff has shown that there is a reasonable chance that the

requested discovery will satisfy the good cause requirement.

## CONCLUSION

For the forgoing reasons, Plaintiff's objections are granted, the Order Limiting

Discovery (Docket # 74) is vacated, and Defendants' Motion to Limit Discovery [# 56] is

remanded to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  August �3   , 2011
        Rochester, New York               ENTER:

                                          _Charles Siragusa_____
                                          Charles J.   Siragusa
                                          United States District Judge

---

[7]  On this point, the Magistrate Judge's Order cites *Locher v. UNUM Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004). (*Id.* at 6.) However, in *Locher*, the Second Circuit was discussing whether evidence outside of the administrative record should be considered by the court at trial, not whether discovery of such evidence should be allowed.